IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND DOBBINS<br>10552 Elk Street<br>Bratenahl, OH 44108 | )<br>)<br>) | CASE NUMBER: |
| | ) | JUDGE |
| and | )<br>) | |
| | ) | |
| YOLANDA DOBBINS<br>10552 Elk Street<br>Bratenahl, OH 44108 | )<br>)<br>) | |
| | ) | **COMPLAINT** |
| Plaintiffs | )<br>) | |
| | ) | (Jury Demand Endorsed Hereon) |
| vs. | )<br>) | |
| LOVE'S TRAVEL STOPS & COUNTRY<br>STORES, INC.<br>10601 North Pennsylvania Avenue<br>Oklahoma City, OK 73120 | )<br>)<br>)<br>)<br>) | |
| Defendant | ) | |

Now come Plaintiffs, Raymond ("Ray") Dobbins and Yolanda Dobbins (collectively "Plaintiffs"), who for their Complaint against Defendant, Love's Travel Stops & Country Stores, Inc. ("Defendant"), states as follows in pertinent part:

**PARTIES, JURISDICTION, AND VENUE**

1. Raymond and Yolanda Dobbins are married individuals who reside at 10552 Elk Street, Bratenahl (Cuyahoga County), Ohio and were formerly employed by Love's Travel Stops & Country Stores, Inc.

2. Love's Travel Stops & Country Stores, Inc., to the best of Plaintiffs' knowledge, is a foreign corporation doing business in the State of Ohio and specifically in the Town of Burbank, County of Medina with an address of 10145 Avon Lake Road, Burbank, Ohio.

3. Jurisdiction is invoked in this matter pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship between Plaintiffs and Defendant, and that this matter involves damages greater than $75,000 and jurisdiction of this Court is further invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

4. The unlawful employment practices as alleged below were committed within the jurisdiction of the U.S. District Court for the Northern District of Ohio and, at all relevant times, Defendant employer has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII of 42 U.S.C. § 2000e(b)(g) and (h).

5. The unlawful employment practices and discrimination perpetrated by agents and employees of Defendant include racial discrimination, sexual harassment, hostile work environment, retaliation, and wrongful termination.

## STATEMENT OF FACTS

6. Ray and Yolanda Dobbins are married to each other and were hired by Defendant in April of 2020.

7. Ray and Yolanda Dobbins were hired to work at Defendant's store located in Nashville, Tennessee.

8. Ray Dobbins was hired as a "tire tech" and Yolanda Dobbins was hired as a "diesel desk casher."

9. At the request of Defendant's management employees, Ray and Yolanda Dobbins were asked to transfer from Nashville, Tennessee to the Ohio location where the discrimination, retaliation, and wrongful termination occurred in the Town of Burbank, Medina County, Ohio.

10. Ray and Yolanda Dobbins are African-American and were the only African-Americans working as employees at Defendant's Burbank location.

11. Immediately upon transfer, Ray Dobbins began to experience harassment both racial and sexual by fellow employees.

12. The general manager of Defendant's Burbank store was Tom Hill and Ray Dobbins was repeatedly referred to by employees, including "Ron," "Kaleb," "Mark," and "Devon," as "Tom's n----r."

13. Defendant's employee "Ron" also subjected Ray Dobbins to unwarranted sexual advances and actions, including rubbing Ray Dobbins on his buttocks and touching him and otherwise making unwanted sexual advances towards him. These actions were witnessed by other employees of Defendant's store including "Ron," "Tyson," "Kaleb," "Mark," and "Devon."

14. The actions of Defendant's employee "Ron" were extreme and outrageous, requiring Ray Dobbins to repeatedly advise "Ron" that he was not gay and he did not like to be touched and treated that way. This conduct by "Ron," together with the outrageous, racist bigoted remarks, created an intolerable hostile work environment condition.

15. Ray Dobbins complained directly to Tom Hill regarding the behavior of "Ron" and the racially charged comments that were being made towards him by employees. Tom Hill was the general manager of Love's store and had full authority and capacity to have taken corrective

action in response to Ray Dobbins' complaints. No action was taken by management of Defendant to address this racial and sexual harassment that Ray Dobbins was subjected to.

16. Both Ray and Yolanda Dobbins were further subjected to a hostile work environment in the form of racial and sexual comments, innuendos and insults being hurled at them and at customers of Defendant's store. Both Ray and Yolanda Dobbins were subject to insulting and racially charged comments relating to the "Black Lives Matter" movement and it became clear that some of Defendant's employees exhibited white supremacy tendencies.

17. This racially charged environment included denigrating racial minorities who were customers at Defendant's Burbank store. Both Ray and Yolanda Dobbins witnessed employees, including "Mark," "Ron," "Tyson," "Kaleb," and "Devon" refer to African-American customers of Defendant's store a "nasty animals" and other outrageous racist descriptions.

18. Both Ray and Yolanda Dobbins complained to management at the Burbank store regarding this behavior of fellow employees and management took no steps to address these complaints.

19. Finally, on August 12, 2020, Ray Dobbins again addressed his complaints regarding the behavior of all of the employees for the racial, discriminatory and outrageous behavior and the sexual harassment that was continuing at the hands of "Ron" to the attention of both Tom Hill and "Mark," a manager.

20. In response to this latest complaint regarding the behavior, Ray Dobbins was summarily terminated from his employment.

21. Days later, Yolanda Dobbins was told expressly that she was also being terminated because of the complaints made by her husband, Ray Dobbins.

22. Since their termination, Ray and Yolanda Dobbins have been unable to find suitable, alternative work; they have been unable to obtain unemployment compensation since they transferred up to Ohio from Tennessee and are unable to pay rent.

## COUNT I
## RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT
(Title VII and O.R.C 4112 et seq.)

23. Plaintiffs reallege and incorporate as if fully set forth herein the allegations set forth above.

24. Defendant has engaged in unlawful employment practices at its Burbank, Ohio location in violation of Sections 703(a) *et seq.* of Title VII, 42 U.S.C. § 2000e *et seq.* and The Equal Protection Clause pursuant to 42 U.S.C § 1983 and Ohio Revised Code 4112 *et seq*.

25. Ray and Yolanda are members of a protected class.

26. Defendant and its employees treated Ray and Yolanda Dobbins differently than other similarly situated, non-African American employees based on their African American race.

27. Ray and Yolanda Dobbins were subjected to severe and pervasive racial comments by Defendant's employees which subjected them to an abusive work environment.

28. Defendant through its management participated in and ratified the discrimination.

29. Ray and Yolanda were subjected to an adverse employment action based on their race.

30. Defendant did not subject similarly situated persons outside of the protected class to any similar adverse action.

31. As a direct and proximate cause of Defendant's unlawful conduct, Ray and Yolanda Dobbins suffered and will continue to suffer damages including but not limited to economic damages, emotional pain and suffering, and other losses in an amount exceeding $25,000.

32. Defendant's conduct was intentional, malicious, willful, and in complete and conscious disregard for Ray and Yolanda's Ohio and Federally protected rights legal rights.

## COUNT II
## SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
### (Title VII and O.R.C 4112 et seq.)

33. Plaintiffs reallege and incorporate as if fully set forth herein the allegations set forth above.

34. Defendant has engaged in unlawful employment practices at its Burbank, Ohio location in violation of Section 703 *et seq.* of Title VII, 42 U.S.C. § 2000 *et seq.* and Ohio Revised Code 4112 *et seq*.

35. Throughout Ray Dobbins employment with Defendant at its Burbank, he was subjected to unwelcomed sexual harassment based on his sex, male.

36. Ray Dobbins was subjected to unwarranted, extreme and outrageous sexual advances.

37. Defendant through its employees witnessed the sexual harassment.

38. Defendant failed to take any corrective action to stop the sexual harassment.

39. The sexual harassment created a hostile work environment.

40. Ray Dobbins found the work environment to be abusive.

41. Defendant failed to take reasonable care to prevent and correct the severe and pervasive sexually harassing conduct in violation of his Ohio and federally protected rights.

42. As a direct and proximate cause of Defendant's unlawful conduct, Ray and Yolanda Dobbins suffered and will continue to suffer damages including but not limited to economic damages, emotional pain and suffering, and other losses in an amount exceeding $25,000.

43. Defendant's conduct was intentional, malicious, willful, and in complete and conscious disregard for Ray Dobbins Ohio and federally protected legal rights entitling him to punitive damages.

## COUNT III
## RETALIATION/WRONGFUL TERMINATION
### (Title VII and O.R.C 4112 et seq.)

44. Plaintiffs reallege and incorporate as if fully set forth herein the allegations set forth above.

45. Throughout Ray and Yolanda Dobbins employment with Defendant at its Burbank, Ohio location, both were fully competent to perform their essential job duties.

46. Ray Dobbins engaged in protected activity when he reported unlawful racial discrimination, sexual harassment and the abusive hostile work environment it created to Defendant's management.

47. Defendant through its management, was aware of Ray Dobbins reporting of the unlawful race discrimination, sexual harassment and hostile work environment.

48. Defendants subjected Ray and Yolanda to adverse employment actions because of Ray Dobbins reporting the unlawful discriminatory and harassing acts by terminating both Ray and Yolanda Dobbins.

49. Defendant unlawfully terminated Ray and Yolanda Dobbins without cause.

50. As a direct and proximate cause of Defendant's unlawful conduct, Ray and Yolanda have suffered and will continue to suffer damages including but not limited to economic damages, emotional pain and suffering, and other losses in an amount exceeding $25,000.

51. Defendant's conduct was intentional, malicious, willful, and in complete and conscious disregard for Ray and Yolanda's Ohio and Federally protected legal rights entitling them to punitive damages.

## COUNT IV
## PUNITIVE DAMAGES

52. Plaintiffs reallege and incorporate as if fully set forth herein the allegations set forth above.

53. Defendant's unlawful and illegal actions in this regard constitute outrageous behavior beyond all decency and no reasonable person would be expected to endure such misconduct.

54. As a direct and proximate result of this outrageous extreme behavior, Plaintiff is entitled to an award of punitive damages, attorneys' fees and expenses authorized under Ohio and Federal law.

WHEREFORE, Plaintiff requests the following relief be awarded in their favor and against Defendant:

a. Damages in excess of $25,000.00, the full amount of which will be proven at trial;

b. Punitive damages;

c. Court costs, expenses, and reasonable attorney fees; and

d. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to the Ohio Rules of Civil Procedure, Plaintiffs demand a trial by jury on any and all issues set forth in this Complaint to the maximum number of jurors permitted by law.

Respectfully submitted,

　*/s/ Dennis R. Fogarty*
DENNIS R. FOGARTY (0055563)
**DAVIS & YOUNG**
29010 Chardon Road
Willoughby Hills, OH 44092
T: (216) 348-1700
F: (216) 621-0602
Email: dfogarty@davisyoung.com
*Attorney for Plaintiffs*